# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VANISHA JONES,
an individual,

     Plaintiff,

v.

          Case No.:

EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

     Defendants.
_____/

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, VANISHA JONES, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates JON P. DUBBELD, Esq. as Lead Counsel for Plaintiff.

## COMPLAINT

**COMES NOW**, Plaintiff, VANISHA JONES (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") and TRANS UINION LLC, (hereinafter, "Trans Union"), (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by Plaintiff, an individual consumer, for

1

damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Experian and Trans Union failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendant with respect to the following tradeline accounts:

- Capital One Account, referenced by account number beginning with 5178-;
- ComenityCapitalBank/Sephora Card Account, referenced by account number beginning with 4022-;
- Dept of ED/AIDV– thirteen (13) accounts referenced by the following account numbers :
    1. 93689265551E0012015****;
    2. 93689265551E0022016052816****;
    3. 93689265551E0032016090316****;
    4. 93689265551E0042016090316****;
    5. 93689265551E0052017090117****;
    6. 93689265551E0062017090117****;
    7. 93689265551E0072020081020****;
    8. 93689265551E0082020122821****;
    9. 93689265551E0092021050321****;
    10. 93689265551E0102021081621****;

      11. 93689265551E0112021122721****;

      12. 93689265551E0122022050222****;

      13. 93689265551E0132023122623****

- VERIZON WIRELESS Account, referenced by account number 9268510660****;

- SPRING OAKS CAPITAL LLC, referenced by account number beginning with 11198****;

- ALLY FINANCIAL, referenced by account number beginning with 22804489****;

- COMENITY BANK/PACSNMR, referenced by account number beginning with 600662****;

- SETOYOTA FIN DBA OF WOFC, referenced by account number beginning with 11000000363****; and

- TD BANK USA/TARGET CREDI, referenced by account number beginning with 585975204349**** (hereinafter, "The Accounts" or "Alleged Debt").

2. More specifically, Defendants inaccurately, incompletely, and misleadingly credit-reported the Accounts and subsequently verified its credit reporting of the Accounts and alleged balances owed on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian and Trans Union that was created or allegedly incurred as a result of a mixed file.

3

3. Furthermore, this is an action for damages for Experian's and Trans Union's violations of the FCRA wherein Experian and Tran Union continued to incorrectly report Plaintiff as the individual responsible for the alleged accounts after Plaintiff repeatedly disputed and advised that any balance allegedly owed were not hers and where Defendants failed to reasonably investigate disputes Defendant received from Plaintiff demanding investigations and re-investigations of the disputed tradeline Accounts as required by the FCRA.

## JURISDICTION, VENUE & PARTIES

4. Jurisdiction of this Court arises under 28 United States Code, Section 1331, pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

5. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6. At all material times herein, Plaintiff is a natural person residing in Manatee County, Florida.

7. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois, 60661.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to

adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

12. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

13. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as

5

appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5)

14. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

15. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

21. At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

22. At all material times herein, Defendants credit report information concerning consumer credit card accounts furnished by the following entities and corresponding Accounts:

- Capital One Account, referenced by account number beginning with 5178-;

- ComenityCapitalBank/Sephora Card Account, referenced by account number beginning with 4022-;
- Dept of ED/AIDV– thirteen (13) separate Accounts referenced by the following account numbers :
    1. 93689265551E0012015****;
    2. 93689265551E0022016052816****;
    3. 93689265551E0032016090316****;
    4. 93689265551E0042016090316****;
    5. 93689265551E0052017090117****;
    6. 93689265551E0062017090117****;
    7. 93689265551E0072020081020****;
    8. 93689265551E0082020122821****;
    9. 93689265551E0092021050321****;
    10. 93689265551E0102021081621****;
    11. 93689265551E0112021122721****;
    12. 93689265551E0122022050222****;
    13. 93689265551E0132023122623****
- VERIZON WIRELESS Account, referenced by account number 9268510660****;
- SPRING OAKS CAPITAL LLC, referenced by account number beginning with 11198****;

- ALLY FINANCIAL, referenced by account number beginning with 22804489****;

- COMENITY BANK/PACSNMR, referenced by account number beginning with 600662****;

- SETOYOTA FIN DBA OF WOFC, referenced by account number beginning with 11000000363****; and

23. TD BANK USA/TARGET CREDI, referenced by account number beginning with 585975204349****.

24. At all material times herein, Experian and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian and Trans Union disburse such consumer reports to third parties under contract for monetary compensation.

25. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

27. At some time during or prior to October of 2025, Plaintiff obtained her

Trans Union report and observed that Trans Union had incorrectly listed the name "Vanessa M. Jones" as Plaintiff's legal name on her credit report.

28. Plaintiff also observed Trans Union had listed her birthdate as January 7, 1993, which is also incorrect as Plaintiff's legal birth date is January 5, 1993.

29. Further, Plaintiff's current address on her Trans Union report is listed as 209 SW 7th Avenue Boynton Beach, FL 33435, while Plaintiff's correct address is 7177 50th Avenue Circle E. Palmetto, FL 34221.

30. Finally, Plaintiff observed various Accounts listed on both her Trans Union and Experian credit reports that did not belong to her including the Accounts listed below:

- Capital One Account, referenced by account number beginning with 5178-;
- ComenityCapitalBank/Sephora Card Account, referenced by account number beginning with 4022-;
- Dept of ED/AIDV– thirteen (13) accounts referenced by the following account numbers:
    1. 93689265551E0012015****;
    2. 93689265551E0022016052816****;
    3. 93689265551E0032016090316****;
    4. 93689265551E0042016090316****;
    5. 93689265551E0052017090117****;

      6. 93689265551E0062017090117****;

      7. 93689265551E0072020081020****;

      8. 93689265551E0082020122821****;

      9. 93689265551E0092021050321****;

      10. 93689265551E0102021081621****;

      11. 93689265551E0112021122721****;

      12. 93689265551E0122022050222****;

      13. 93689265551E0132023122623****

- VERIZON WIRELESS Account, referenced by account number 9268510660****;

- SPRING OAKS CAPITAL LLC, referenced by account number beginning with 11198****;

- ALLY FINANCIAL, referenced by account number beginning with 22804489****;

- COMENITY BANK/PACSNMR, referenced by account number beginning with 600662****;

- SETOYOTA FIN DBA OF WOFC, referenced by account number beginning with 11000000363****; and

- TD BANK USA/TARGET CREDI, referenced by account number beginning with 585975204349****.

31. Plaintiff has never taken out any student loans through the Department

of Education or any other loan servicer.

32. Plaintiff has never opened or obtained an Account through Capital One, Sephora, Verizon, Ally, Comenity Bank, Toyota, or Target.

33. Plaintiff disputed the above Accounts over the phone with Trans Union on or about October of 2025.

34. Plaintiff did not receive dispute results from Trans Union.

35. Plaintiff later obtained her credit report from Experian and Trans Union again to see if the Accounts had been fixed, pulled her credit reports on or about November 4, 2025, and found that both Experian and Trans Union had verified all the fraudulent Accounts listed above.

36. Plaintiff lost access to her Experian reports toward the end of 2025 and as of January of 2026, Plaintiff has not been able to obtain her Experian report after numerous failed attempts to do so.

37. On or about December 9, 2025, Plaintiff sent a formal dispute letter in writing to both Experian and Trans Union, with the assistance of her attorneys at Swift Law, PLLC, where Plaintiff disputed Trans Union and Experian's reporting of the Accounts and additionally, Experian's failure to give Plaintiff access to her credit report. (hereinafter, "Plaintiff's First Dispute.")

38. In her First Dispute, Plaintiff provided a copy of her Social Security Card, a copy of her Driver's License, and a copy of a bill with her proof of address to corroborate her identity.

39. Trans Union received Plaintiff's second dispute and further deleted all of

the Accounts not belonging to Plaintiff.

40. Plaintiff still is unable to obtain or access her credit report through Experian and therefore is not able to see what is being reported on her behalf at this time.

## DAMAGES

41. As a result of Defendants' reporting of the Alleged Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Accounts reflecting the Alleged Debt asserted as owed by Plaintiff if she needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

42. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Accounts with balances past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Accounts being reported as a derogatory, negative, or adverse accounts.

43. Overall, Plaintiff suffered damage to her reputation as a result of Defendants' conduct.

44. Further, as a result of Defendants' actions, Plaintiff suffered emotional

distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that she did not initiate or authorize the opening of the Accounts, Plaintiff must simply endure Defendants' reporting of the Accounts.

45. Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

46. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

## COUNT ONE
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
## (As to Experian and Trans Union)

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

47. Experian and Trans Union are subject to and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48. Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the

preparation of Plaintiff's credit reports.

49. More specifically, Experian and Trans Union generated and published credit reports regarding Plaintiff which included erroneous information that does not belong to Plaintiff – including the Tradelines listed above cited above-- The Accounts.

50. Such reporting is false and evidences Experian's and Trans Union's failure to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

51. Overall, Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files.

52. Experian's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

53. Experian's and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i *et seq.*
### (As to both Experian and Trans Union)

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated

herein and further states as follows:

54.     Experian and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's dispute, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's dispute found to be inaccurate or that could not be verified.

55.     Experian and Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

56.     Experian's and Trans Union's reinvestigations of Plaintiff's disputes were not conducted reasonably.

57.     Experian's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

**58.**     Experian's and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

    a.    Actual damages in an amount to be determined at trial;

    b.    Compensatory damages in an amount to be determined at trial;

    c.    Punitive damages in an amount to be determined at trial;

    d.    An award of attorney's fees and costs; and

    e.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
Jon P. Dubbeld, Esq., FBN 105869
Jessica A. Stephens, Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 300-1929
Fax: (727) 255-5332

jdubbeld@swift-law.com
jstephens@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

**FOWKES & HASANBASIC**

/s/ *Paul R. Fowkes*
Paul R. Fowkes (FBN 723886)
paul@fhlawpa.com
Ryan C. Hasanbasic (FBN 44119)
ryan@fhlawpa.com
F&H LAW GROUP, P.A.
1807 Short Branch Drive, Ste. 101
Trinity, Florida 34655
Telephone: (727) 500-1010
Facsimile: (727) 943-3203
*Co-Counsel for Plaintiff*